**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BRYAN MORROW, | |
| Movant, | |
| v. | 1:14-cr-295-WSD |
| UNITED STATES OF AMERICA, | 1:16-cv-193-WSD |
| Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [43] ("Final R&R"), recommending denial of Bryan Morrow's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [39] ("Motion to Vacate").

**I.   BACKGROUND[1]**

In August 2014, Movant was indicted by a grand jury on the following charges: conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (count 1); bank fraud, in violation of 18 U.S.C. § 1344 (counts 2-6); and

---

[1]   The facts are taken from the Final R&R and the record. The parties have not objected to any specific facts in the Final R&R, and the Court finds no plain error in them. The Court thus adopts the facts as set out in the Final R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).

production and transfer of a false identification document, in violation of 18 U.S.C. § 1028(a)(1)-(2) (counts 7-14). (<u>See generally</u> Indictment with Forfeiture Provision ("Indictment") [9]). On November 3, 2014, Movant entered into a non-negotiated guilty plea to all charges. ([22], [37]). In anticipation of his sentencing, Movant, in his sentencing memorandum, objected to his Pre-Sentence Report's ("PSR") recommendation of a 16-level increase above a base offense level of 7. ([27] at 3). Movant argued that the § 2B1.1 fraud guideline "includes a loss table which fails to reflect to any degree the disparity which exists in the instant case between the amount of loss that potentially could have occurred and the actual profit to [Movant of no more than $8,500]." (<u>Id.</u> at 6, 8). Movant stated that "[t]his disparity of as much as 14 levels warrants a downward departure . . . ." (<u>Id.</u> at 8). On January 15, 2015, the Court sentenced Movant to forty-one months imprisonment. ([30]).

Movant did not file a direct appeal. On January 13, 2016, Movant timely filed his Motion to Vacate. In it, he raises three grounds for relief, including:

1. An amendment to the Sentencing Guidelines, enacted after Movant's judgment of conviction became final, should reduce his loss enhancement by 4 levels and his sentencing range to 27-33 months;

2. The government did not demonstrate that he subjectively intended the calculated loss or that he acted recklessly; and

2

3. The agent who conducted the government sting operation engaged in manipulation of the loss amount.

([39] at 4; see id. at 14-16 (attachment to § 2255 motion containing a portion of Amendment 791 to the Sentencing Guidelines)). On May 11, 2016, the Magistrate Judge issued his Final R&R, finding that the above three grounds were procedurally defaulted.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2255 Motion

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate his sentence "upon the ground[s] that the sentence was imposed in violation of the Constitution or laws of the United States, [] that the court was without jurisdiction to impose such sentence, [] that the sentence was in excess of the maximum authorized by law, or [that the sentence] is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). It is well-settled, however, that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). "[N]onconstitutional claims can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'"

Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994) (internal quotations omitted)).

"[A]n available challenge to a criminal conviction or sentence must [typically] be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding. A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (citation omitted); see also Fordham v. United States, 706 F.3d 1345, 1349 (11th Cir. 2013) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a [collateral] proceeding."). In those cases in which a defendant fails to pursue an available claim on direct appeal, § 2255 relief is unavailable unless the defendant shows (1) cause for the default and actual prejudice resulting from an alleged error, or (2) actual innocence. Mills, 36 F.3d at 1055; see also McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001).

To establish cause, a movant must show either that his counsel's assistance was so ineffective that it violated his Sixth Amendment right to counsel or "that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

4

"Ineffective assistance of counsel may satisfy the cause exception to a procedural bar. In order to do so, however, the claim of ineffective assistance must have merit." United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citation omitted). "To establish 'prejudice,' a [movant] must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003); see Lynn v. United States, 365 F.3d 1225, 1235 n.21 (11th Cir. 2004) (noting that "cause and actual prejudice standard" for § 2255 motion "mirrors the standard used to evaluate collateral attacks on state convictions"); Reece v. United States, 119 F.3d 1462, 1467 (11th Cir. 1997) ("'[A]ctual prejudice' is 'not merely that the errors at [the defendant's] trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" (quoting Frady, 456 U.S. at 170 )).

To prevail on a claim of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Id. at 324; see

Jones v. United States, 153 F.3d 1305, 1308 (11th Cir. 1998) (applying actual innocence standard to procedural default of § 2255 claims).

    B.    Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Where, as here, there have been no objections filed, the Court reviews the Final R&R for plain error.

## III. DISCUSSION

Movant first argues that his loss enhancement and sentencing range warrant a reduction because Amendment 791, which took effect months after his judgment of conviction was finalized, modified the loss table in U.S.S.G. § 2B1.1—thus

6

rendering his initially-imposed sentence overly punitive. ([41] at 10-11). The Magistrate Judge found, however, that because Amendment 791 is not listed in § 1B1.10(c) of the Sentencing Guidelines as an amendment that applies retroactively, Movant did not sufficiently demonstrate he is entitled to relief. See U.S.S.G. § 1B1.10(c); see also, United States v. Conaway, 535 F. App'x 898, 900 (11th Cir. 2013) ("To obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in § 1B1.20(c))." The Magistrate Judge concluded that "even if Movant could establish cause and prejudice to allow for merits review of . . . his ground 1 claim, he has not shown that [] the nonconstitutional errors he alleges . . . 'constitute[] a fundamental defect which inherently result[ed] in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" ([43] at 13); see also Burke, 152 F.3d at 1331 (internal quotations omitted). The Court finds no plain error in the Magistrate Judge's finding and conclusion.

The Magistrate Judge also found that, with respect to Movant's remaining arguments for relief, "Movant has not shown cause for his failure to raise these grounds on direct appeal." ([43] at 14). The Magistrate Judge noted that Movant failed to advance any argument sufficient to show ineffective assistance of counsel or actual innocence. (Id.). The Magistrate Judge thus concluded that, "[b]y failing

7

to raise grounds 2 and 3 on direct appeal, Movant [] procedurally defaulted them . . . ." (Id. at15). The Court finds no plain error in these findings and conclusions.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [43] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Bryan Morrow's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [39] is **DENIED**.

**SO ORDERED** this 18th day of May, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE